1  Amy L. Bennecoff Ginsburg (275805)
   Kimmel & Silverman, P.C.
2  30 East Butler Pike
3  Ambler, PA 19002
   Telephone: 215-540-8888
4  Facsimile: 215-540-8817
5  aginsburg@creditlaw.com
   Attorney for Plaintiff
6

7

8           UNITED STATES DISTRICT COURT
         FOR THE CENTRAL DISTRICT OF CALIFORNIA
9

10
                                    )  **Case No.:**
11 **KENYON WILLIAMS,**              )
                                    )  **COMPLAINT FOR DAMAGES**
12         **Plaintiff,**            )  **1. VIOLATION OF THE**
                                    )  **TELEPHONE CONSUMER**
13      **v.**                       )  **PROTECTION ACT, 47 U.S.C. §**
                                    )  **227**
14                                   )
15 **APOLLO EDUCATION GROUP,**       )
   **INC. D/B/A UNIVERSITY OF**      )  **JURY TRIAL DEMANDED**
16 **PHOENIX,**                      )
                                    )
17         **Defendant.**            )
                                    )
18                                   )
                                    )
19                                   )
                                    )
20 _____      )

21
                       **COMPLAINT**
22
       KENYON WILLIAMS ("Plaintiff"), by and through his attorneys, KIMMEL
23
24 & SILVERMAN, P.C., alleges the following against APOLLO EDUCATIN
25 GROUP, INC. d/b/a UNIVERSITY OF PHOENIX ("Defendant"):
26

27                            - 1 -
                   PLAINTIFF'S COMPLAINT
28

1

2

3

4

**INTRODUCTION**

5

1.      Plaintiff's Complaint is based on the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227.

**JURISDICTION AND VENUE**

6

7

8

9

10

11

12

13

2.      This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

14

15

16

17

18

3.      This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of California and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of California.

19

20

4.      Venue is proper under 28 U.S.C. § 1391(b)(2).

21

**PARTIES**

22

23

5.      Plaintiff is a natural person residing in Bellflower, California 90706.

24

6.      Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

25

26

27

28

- 2 -
PLAINTIFF'S COMPLAINT

7.      Defendant is a business entity with a principal place of business, head office, or otherwise valid mailing address at 1625 W. Fountainhead Parkway, Tempe, Arizona 85282.

8.      Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

10.     Plaintiff has a cellular telephone number.

11.     Plaintiff has only used this phone number as a cellular telephone.

12.     Defendant repeatedly called Plaintiff regarding its educational programs.

13.     Plaintiff knew the calls were coming from Defendant because the persons on the line stated the company's name.

14.     Plaintiff told Defendant to stop calling him soon after the calls began.

15.     Once Defendant was informed that its calls were unwanted and that Plaintiff wanted it to stop calling, its continued calls could have served no lawful purpose.

PLAINTIFF'S COMPLAINT

1
2
3

16.     Once Defendant was aware Plaintiff wanted it to stop calling, the only

purpose further calls could serve would be to harass Plaintiff.

4

5

17.     Despite Plaintiff's clear demand to refrain from contacting him,

Defendant persisted in calling Plaintiff.

6

7

8

18.     During this time, Defendant contacted Plaintiff using an automated

telephone dialing system and/or pre-recorded voice.

9

10

11

12

19.     Plaintiff knew that Defendant's calls were automated calls as the calls

would begin with a pause or delay being connected with Defendant's live

representatives.

13

14

15

20.     Defendant's incessant calls were bothersome, disruptive and frustrating

for Plaintiff to endure.

16

17

18

21.     Defendant's actions as described herein were taken with the intent to

harass, upset and coerce Plaintiff to pay the alleged debt.

19

20

**COUNT I**
**DEFENDANT VIOLATED THE TCPA**

21

22

22.     Plaintiff incorporates the foregoing paragraphs as though the same were

set forth at length herein.

23

24

25

26

27

28

- 4 -
PLAINTIFF'S COMPLAINT

23.     The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone. 47 U.S.C. § 227(b)(1)(A)(iii).

24.     Defendant initiated repeated calls to Plaintiff's cellular telephone.

25.     Defendant initiated these calls to Plaintiff using an automatic telephone dialing system.

26.     Once Defendant knew its calls were unwanted, Defendant's calls to Plaintiff's cellular telephone were not made with Plaintiff's prior express consent.

27.     Defendant's calls to Plaintiff's cellular telephone were not made for emergency purposes.

28.     Defendant's conduct violated the TCPA by placing repeated calls using an automatic telephone dialing system and/or prerecorded or automated voice to Plaintiff's cellular telephone.

29.     The TCPA provides that where a defendant willfully or knowingly violated the TCPA or regulations prescribed thereunder, the Court may impose treble damages. 47 U.S.C.  § 227(b)(3).

30.     When Defendant called Plaintiff from around September 2015 through around January 2018, it knew no later than Plaintiff's instruction to stop calling in September of 2015 that it did not have prior express consent to call Plaintiff.

- 5 -
PLAINTIFF'S COMPLAINT

31.    When Defendant called Plaintiff from September 2015 through around January 2018, it knew it was placing calls to a cellular telephone.

32.    Defendant's violation of the TCPA was therefore either willful or knowing starting no later than the date of Plaintiff's first instruction to stop calling.

33.    As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above, entitling Plaintiff to injunctive relief and an award of statutory, actual, and treble damages.

WHEREFORE, Plaintiff, KENYON WILLIAMS, respectfully prays for a judgment as follows:

a)    All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

b)    Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

c)    Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

d)    Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

e)    Any other relief this Honorable Court deems appropriate.

- 6 -
PLAINTIFF'S COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2

PLEASE TAKE NOTICE that Plaintiff, KENYON WILLIAMS, demands a

3

jury trial in this case.

4

5

6

                                                Respectfully submitted,

7

8

   DATED: 7/10/19                               By: /s/ Amy Lynn Bennecoff Ginsburg

9                                               Amy Lynn Bennecoff Ginsburg, Esq.
                                                (275805)
10                                              Kimmel & Silverman, P.C.
                                                30 East Butler Pike
11                                              Ambler, PA 19002
                                                Telephone: (215) 540-8888
12                                              Facsimile (215) 540-8817
                                                Email: aginsburg@creditlaw.com
13                                              Attorney for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27
PLAINTIFF'S COMPLAINT
28